IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHNNY LEE ROBINSON, )
)
          Petitioner, )
)
vs. ) Case No. CIV-10-836-D
)
JAMES RUDEK, )
)
          Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a response [Doc. #21] to the petition (Response) and Petitioner has filed a reply [Doc.#26] (Reply). For the following reasons, it is recommended that the petition be denied.

## I.   Procedural Background

Petitioner was convicted, after a jury trial, of assault and battery with a dangerous weapon after former convictions. District Court of Oklahoma County, Case No. CF-2007-1766. Petitioner filed a direct appeal raising the following grounds for relief:

1. The State presented insufficient evidence to support Petitioner's conviction for assault and battery;

2. Petitioner was denied a fundamentally fair trial by the admission of unduly prejudicial and gruesome photographs;

3. The trial court erred in bifurcating the trial as Petitioner affirmatively waived bifurcation and admitted his prior convictions when he testified.

Response, Ex. 2 (Amended Brief For and on Behalf of Johnny Lee Robinson). The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction. Response, Ex. 1 (*Robinson v. State of Oklahoma*, Case No. F-2007-1077).

Petitioner twice sought post-conviction relief in the state district court and appealed the two denials of post-conviction relief to the OCCA. In his first application for post-conviction relief, Petitioner raised the following grounds:

1. Ineffective assistance of appellate counsel in failing to raise ineffective assistance of trial counsel claims regarding trial counsel's failure to object to the introduction into evidence of gruesome photographs and a bent knife;

2. Conflict of interest resulting from dual representation of Petitioner and the victim (in another matter) by the same office of public defenders.

Response, Ex. 6, (Petition in Error, PC 2009-555). The trial court denied the application, and the OCCA affirmed the denial of the application. The OCCA addressed Petitioner's ineffective assistance of counsel claim on the merits, finding that Petitioner had not "met his burden of proof" under *Strickland v. Washington*, 466 U.S. 688, 687 (1984). The OCCA determined that the second ground for relief was procedurally barred under the waiver doctrine, as Petitioner could have raised that issue on direct appeal. Response, Ex. 4 (Order Affirming Denial of Post-Conviction Relief).

In his second application for post-conviction relief, Petitioner raised the following grounds:

1. Ineffective assistance of trial and appellate counsel for failing to raise the issue that Petitioner's enhanced sentence was obtained through the use of convictions over ten years old, and in failing to raise the issue that his waivers of his right to appeals in the former convictions used to enhance his sentence were unintelligent and involuntary;

2. Petitioner was prejudiced by appellate counsel's having raised an issue on direct appeal regarding a conviction for first degree murder rather than assault and battery.[1]

Response, Ex. 7 (Petition in Error, PC 2010-197). The OCCA affirmed the trial court's denial of Petitioner's second application for post-conviction relief, finding that Petitioner's ineffective assistance of appellate counsel claims could have been raised in his first application for post-conviction relief and were, therefore, procedurally barred.[2] Response, Ex. 5 (Order Affirming Denial of Second Application for Post-Conviction Relief, PC-2010-197).

In this habeas action, Petitioner raises the following grounds for relief:

1. Petitioner was convicted while he was mentally incompetent;

---

[1]This ground for relief appears to based on the fact that the first brief filed by Petitioner's appellate counsel mistakenly referenced a conviction for first degree murder rather than assault and battery. Response, Ex. 8 (Brief For and on Behalf of Johnny Lee Robinson, Case. No. F-2007-1077). Appellate counsel corrected her error, however, by filing the Amended Brief For and on Behalf of Johnny Lee Robinson. Response, Ex. 2.

[2]The OCCA did not address the issue regarding the initial brief filed by his appellate counsel. That issue, too, could have been raised in Petitioner's first application for post-conviction relief and is, therefore, procedurally barred as well. *See* Okla. Stat. tit. 22, § 1086 (prohibiting the assertion of claims in an application for post-conviction relief which could have been raised on direct appeal or "in any other proceeding the applicant has taken to secure relief" unless there is a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application).

3

2. Petitioner was denied his right to an appeal in the convictions used to enhance his sentence;

3. Petitioner's conviction was obtained in violation of the Double Jeopardy Clause;

4. Petitioner's sentence, as enhanced by use of prior convictions over ten years old, is illegal and excessive, constituting cruel and unusual punishment in violation of the Eighth Amendment;

5. Petitioner was denied effective assistance of appellate counsel when counsel referenced a conviction for first degree murder rather than assault and battery in the initial brief filed on direct appeal.

Petition at 5-7.

## II. Analysis

### A. Procedurally Barred Claims

Petitioner's second and fifth grounds for relief, as well as the part of his fourth ground for relief concerning his challenge to the enhancement of his sentence with stale convictions, were raised for the first time in Petitioner's second application for post-conviction relief. Respondent contends that these claims are barred from review in this federal habeas proceeding based on Petitioner's state procedural default – failing to raise these claims on direct appeal or in his first application for post-conviction relief.

Petitioner's third ground for relief, as well as his Eighth Amendment claim in his fourth ground for relief, were raised for the first time in this habeas action and are, therefore, technically unexhausted.[3] Respondent contends, however, that if Petitioner were to return

---

[3]Federal law prohibits this Court from granting an application for writ of habeas corpus unless the applicant has exhausted available state court remedies for each ground asserted. 28

4

to the state courts to raise these new claims for relief, the state courts would apply the doctrine of waiver, a state procedural default set forth in Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1086. Therefore, Respondent urges this Court to apply an anticipatory procedural default to these claims. These points are well-taken.

"On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). Based on a state procedural ground, the OCCA affirmed the trial court's denial of relief on Petitioner's second application for post-conviction relief based on the state law "waiver rule" for claims not previously raised:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

Okla. Stat. tit. 22, § 1086 (2001). The Tenth Circuit Court of Appeals has determined that "[b]oth the res judicata bar to claims previously rejected and the waiver rule for claims not previously raised . . . are included in Okla. Stat. Ann. tit. 22, §§ 1086 and 1089, and both are

---

U.S.C. § 2254(b)(1)(A). An application for writ of habeas corpus containing both exhausted and unexhausted claims is subject to dismissal as a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Dismissal is not mandatory, however, where, as here, an anticipatory procedural bar is applied.

regularly and even-handedly applied by the state courts." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 n. 8 (10th Cir. 1999).

As the procedural record clearly shows, Petitioner's ground for relief based in his right to appeal convictions used to enhance his sentence (Ground 2), the ground based on use of stale convictions to enhance his sentence (Ground 4), and his ground based on ineffective assistance of appellate counsel (Ground 5) were all raised for the first time in Petitioner's second application for post-conviction relief and are, therefore, subject to procedural bar.

The ground for relief based on violation of the Double Jeopardy Clause (Ground 3) and the ground for relief alleging an Eighth Amendment violation (Ground 4) were raised for the first time in this action. If Petitioner were to return to the State courts to file a third application for post-conviction relief, the OCCA would find these claims had been waived, as they could have been raised either on direct appeal or in the first application for post-conviction relief, and Petitioner has not demonstrated any cause for failing to raise these claims, at least in his first application for post-conviction relief. The Tenth Circuit Court of Appeals has held that an "anticipatory procedural bar" may be applied to a technically unexhausted claim which would be barred pursuant to Oklahoma's Post-Conviction Procedure Act if the petitioner were to return to the state courts and attempt to assert the claim. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007). It is recommended that this Court apply an anticipatory procedural bar to the claims raised for the first time in this action.

The Supreme Court has held that claims defaulted on independent and adequate state procedural rules will not be considered on federal habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks and citations omitted). Petitioner has asserted no cause for his procedural defaults. To the extent that Petitioner is relying on ineffective assistance of appellate counsel as "cause" to excuse his procedural default, his reliance is misplaced. Petitioner raised an ineffective assistance of appellate counsel claim in his first application for post-conviction relief, and the OCCA addressed that claim on the merits. Petitioner did not, however, raise a claim in either post-conviction action that his appellate counsel's ineffectiveness caused his procedural default, nor has he demonstrated that he was prejudiced in that regard.

The fundamental miscarriage of justice exception is "an extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (*quoting Murray v. Carrier*, 477 U.S. at 496). "To prevail, [Petitioner] must identify evidence that affirmatively demonstrates his innocence." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more

likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Petitioner has wholly failed to identify any evidence which affirmatively demonstrates his innocence. At trial, Petitioner testified that he had acted in self-defense. A claim of self-defense, however, is a claim of legal innocence as opposed to actual innocence. Arguments premised on legal mitigation alone do not satisfy the fundamental miscarriage of justice exception. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002) (rejecting miscarriage of justice argument because it merely "assert [s] that [petitioner] is legally innocent because his conduct is justified or mitigated by the doctrines of self-defense or heat of passion"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence."). Accordingly, it is recommended that relief be denied on Grounds 2, 3, 4 and 5 as these grounds are procedurally barred, and Petitioner has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural defaults.

**B.     Claim of Incompetency**

In his first ground for relief, Petitioner contends he was convicted as a result of having been tried while he was mentally incompetent. This claim, too, was raised for the first time in this habeas action. While the claim is technically unexhausted, Respondent acknowledges that the Tenth Circuit Court of Appeals has held that substantive claims of incompetence may

not be procedurally barred. *See Barnett v. Hargett*, 174 F.3d 1128, 1133-34 (10th Cir. 1999); *Rogers v. Gibson*, 173 F.3d 1278, 1289 (10th Cir. 1999), *modified on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 953-54 (10th Cir. 2001). Therefore, Respondent asks this Court to consider the merits of Petitioner's competency claim and deny habeas relief.[4]

As the Tenth Circuit Court of Appeals has recognized, "[t]he law of competency is well-settled. The criminal trial of an incompetent defendant violates due process. This prohibition is fundamental to an adversary system of justice." *Allen v. Mullin*, 368 F.3d 1220, 1238 (10th Cir.2004) (quotation and citation omitted). In determining whether a criminal defendant is competent to stand trial, the trial court must consider whether defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him. *Gilbert v. Mullin*, 302 F.3d 1166, 1178 (10th Cir. 2002) (quotation omitted). It is also well established that "[c]ompetency claims may be based on violations of both procedural and substantive due process." *Allen*, 368 F.3d at 1239.

> A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent. The standards of proof for procedural and substantive competency claims differ. To make out a procedural competency claim, a defendant must raise a bona fide doubt regarding his competency to stand trial[.] This requires a demonstration that a reasonable judge should have doubted the defendant's competency. It does not require proof of actual incompetency. A substantive competency claim,

---

[4]Pursuant to 28 U.S.C. § 2254(b)(2), this Court is authorized to deny an application for habeas relief on the merits despite a petitioner's failure to exhaust his state court remedies.

9

> on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.

*Id.* (quotations and citations omitted).

In this case, Petitioner presents no evidence to support a conclusion that he sought and was denied a competency hearing nor has he demonstrated that the trial judge should have doubted his competency to start trial. As to his substantive due process claim, Petitioner has offered as evidence of his incompetency the May 22, 2008, favorable social security disability decision of an administrative judge (ALJ). *See* Petition, Att. 1 [Doc. #1-1]. In the disability decision, the ALJ concluded that, in addition to his physical impairments, Mr. Robinson also has the following mental impairments:

> He is unable to perform detailed or complex tasks. He is unable to perform work which requires reading, writing, adding, or subtracting. He is unable to perform work which requires interaction with the general public.

Petition, Att. 1 at 6. These findings were based largely on a mental health status examination by a psychologist dated October 12, 2004. Petitioner contends that the findings from that mental status examination support his contention that he was incompetent to stand trial. In his petition, Petitioner summarizes the findings as follows:

> [Petitioner] suffers from depression, difficulty concentrating, impaired in aquiring [sic] new information, demonstrated lack of abstract reasoning abilites, [sic] mild retardation, extremely low range of intellectual functioning, has restricted ability to make sound judgment in everyday situations.

Petition at 5. Petitioner's summary of the facts is accurate. These findings alone, however, do not demonstrate that Petitioner was unable to consult with his lawyer with a reasonable degree of rational understanding, or that he did not have a rational as well as factual

understanding of the proceedings against him. *See Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (history of mental problems, low intelligence, psychotropic medication, and substance abuse do not establish a petitioner was incompetent). In fact, a review of Petitioner's testimony at trial demonstrates quite the opposite. Petitioner was able to relate his version of the events in support of his contention that he was acting in self-defense. He was able to follow and understand a lengthy discussion between the judge, defense attorney and prosecutor concerning hearsay and tailor his responses to comply with the judge's ruling. *See* Transcript of Jury Trial, Case No. CF-2007-1766, Vol. II at 272-310. Additionally, in the Summary of Facts completed after the trial but before sentencing, Mr. Robinson's attorney indicated he had no reason to believe his client was not mentally competent to "appreciate and understand the nature, purpose and consequences of this proceeding" and to "assist [the attorney] at . . . sentencing and in presenting any post-trial motions that may be appropriate." *See* Criminal Appeal Original Record, Case No. F-2007-1077 at 102.

It is recommended that Petitioner's first ground for habeas relief be denied on the merits.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 2nd day of August, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his

right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13th day of July, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE