# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY LEE ROBINSON, | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-10-836-D |
| JAMES RUDEK, | ) |
| Respondent. | ) |

## O R D E R

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. After receiving the response and Petitioner's reply, Judge Roberts filed a Report and Recommendation [Doc. No. 27] in which she recommended that the petition be denied. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Petitioner challenges his 2007 conviction of assault and battery with a dangerous weapon after former convictions. He filed a direct appeal, asserting as grounds for relief: 1) the State presented insufficient evidence; 2) the Petitioner was denied a fundamentally fair trial because unduly prejudicial photographs were admitted; and 3) the trial court erred in bifurcating the trial. The Oklahoma Court of Criminal Appeals affirmed the conviction.

Thereafter, Petitioner filed two applications for post-conviction relief. In the first application, he argued appellate counsel provided ineffective assistance by failing to argue that Petitioner's trial counsel was ineffective because he failed to object to the introduction of evidence

consisting of photographs and a bent knife. He also argued his counsel had a conflict of interest because the same public defender's office had represented the victim in another matter. This application was denied by the trial court, and the denial was affirmed on appeal.

In his second post-conviction relief application, Petitioner asserted ineffective assistance of both trial and appellate counsel based on their failure to argue that his enhanced sentence was based on convictions more than ten years old, and his waivers of right to appeal in the former convictions were not intelligent or voluntary. As a second basis for relief, Petitioner argued he was prejudiced by his appellate counsel's erroneous reference in the appeal brief to a conviction for murder rather than assault and battery. This application was also denied by the trial court, and the denial was affirmed.

In this action seeking habeas relief, Petitioner now argues that: 1) he was convicted while he was mentally incompetent; 2) he was denied his right to appeal in the prior convictions utilized to enhance his sentence; 3) his conviction was obtained in violation of the Double Jeopardy Clause; 4) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it was enhance by ten-year-old prior convictions; and 5) he was denied effective assistance of appellate counsel because counsel erroneously referenced his conviction as one for first degree murder rather than assault and battery.

In the Report and Recommendation, the Magistrate Judge addressed in detail each of Petitioner's grounds for habeas relief. Having fully examined the procedural history in the context of the law governing § 2254 habeas relief, she concluded that the petition must be denied. With respect to the second and fifth grounds for relief, she correctly concluded these are barred from review because Petitioner failed to assert the claims on direct appeal or in his first post-conviction

relief application. To the extent the fourth ground for relief challenges the enhancement of his sentence by application of stale convictions, it is also procedurally barred. With respect to the third ground for relief and the Eighth Amendment claim asserted in the fourth ground for relief, the Magistrate Judge correctly concluded that these are technically not yet exhausted. She further concluded that, if Petitioner sought exhaustion of these claims, the state courts would apply the state procedural default contained in Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22 § 1086. Accordingly, she also concluded these claims are procedurally barred. As she noted, the Tenth Circuit Court of Appeals has held that an "anticipatory procedural bar" may be applied by this Court to a technically unexhausted claim which would be barred under the Oklahoma statute. *Cummings v. Sirmons,* 506 F. 3d 1211, 1223 (10th Cir. 2007). For the reasons fully explained at pages 6 through 8 of the Report and Recommendation, the Court agrees that these claims are barred from habeas review.

The Court also agrees with the Magistrate Judge that the first ground for habeas relief must be denied. Although it has not been exhausted, the Magistrate Judge determined that the claim of mental incompetency should be considered in this action. She fully explained the law governing such claims, as well as the facts in the record and Petitioner's arguments in support of this claim. She further reviewed the trial testimony and concluded that nothing in the record showed Petitioner lacked the mental competency to understand and participate in the proceeding. Further, she concluded his attorney expressed no reason to believe that Petitioner was mentally incompetent. *See* Report and Recommendation at pages 8 through 11.

Having fully reviewed the matter and having considered the governing law as applied to the facts of this case, the Court agrees with the Magistrate Judge that Petitioner's claim of mental

incompetency, set forth in the first ground for habeas relief, is without merit.

The Court has also reviewed Petitioner's objections to the Report and Recommendation. Those objections do not offer persuasive argument or authority supporting his claim for habeas relief.

Accordingly, having fully review the matter *de novo*, the Court adopts the Report and Recommendation [Doc. No. 27] as though fully set forth herein. The petition for habeas corpus relief is DENIED. Judgment shall enter accordingly.

IT IS SO ORDERED this 7th day of November, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE